**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000102**
**25-FEB-2022**
**08:02 AM**
**Dkt. 204 SO**

NO. CAAP-17-0000102

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GMAC MORTGAGE, LLC, Plaintiff-Appellee, v. WAYNE NOELANI TOM; COLEEN ETSUKO TOM, Defendants-Appellees, and JOYCELYN WANDA UNCIANO, Defendant-Appellant, and CITIFINANCIAL, INC. 221, LLC, fka ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, A DELAWARE LIMITED LIABILITY COMPANY; STATE OF HAWAIʻI, DEPARTMENT OF HUMAN SERVICES; FIRST HAWAIIAN BANK, fka FIRST INTERSTATE BANK OF HAWAII; CURT DUKE PRATT AND JUDITH HILOKO PRATT; UNITED STATES OF AMERICA; DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAIʻI, Defendants-Appellees, and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 AND DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC03-1-001029)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

The Defendant-Appellant Joycelyn Wanda Unciano appeals, pro se, from the Circuit Court of the First Circuit's

(1) November 1, 2017 Second Amended Final Judgment;

(2) January 6, 2017 Order Denying Unciano's Amended Motion to Correct Court Record;[1] and (3) January 27, 2017 Order Denying

---

[1] Unciano fails to make any argument for her appeal from the Order Denying her Amended Motion to Correct Court Record and, thus, we deem it waived. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).

Unciano's Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 59 Motion for New Trials, Amendment of Judgments, Etc.[2] On appeal, Unciano raises the following points of error:

(1) "Lower Court erred in October 18, 2016 Order Granting Plaintiff GMAC Mortgage, LLC's Motion to Reinstate Vacated Orders and Judgment;"

(2) "Lower Court erred in granting the GMAC Motion to Reinstate where GMAC lacked standing without being the valid holder of the Note, and there are no dates for the endorsements or allonges;"

(3) "Lower Court erred in Granting Plaintiff's Motion to Reinstate in finding there are no genuine issues of material fact as to the Homecomings corporate entities, and is not based on admissible evidence;"

(4) "Law of the Case Doctrine, the Lower Court Abused Discretion lack of Cogent Reasons to ignore June 13, 2016 oral ruling of the Hawaii Land Court;" and

(5) "Lower Court abused its discretion, December 14, 2016 Amended Order and Amended Final Judgment."

(Some formatting altered.)

After reviewing the record on appeal and the relevant legal authorities and giving due consideration to the issues

---

[2] The Honorable Bert I. Ayabe presided.

2

raised and the arguments advanced by the parties, we resolve the appeal as follows.

## I. Background

In 1995, Wayne and Coleen Tom (**Toms**) executed and delivered a promissory note (**Note**) for $160,000.00 to Western Pacific Mortgage, Inc. to purchase property in Kapolei (**Property**). The Note was secured by a mortgage (**Mortgage**) in favor of Western Pacific Mortgage, Inc. The Property was subsequently conveyed to Unciano by warranty deed. Since 1995, the Note and Mortgage were purportedly transferred and assigned several times. Pertinent to this appeal, in 2003, Washington Mutual Bank, FA (**Washington Mutual**) filed a foreclosure complaint (**2003 Complaint**), attaching a copy of the Note. In 2010, Homecomings Financial assigned the Mortgage "together with the note or notes therein described" to the Plaintiff-Appellee GMAC Mortgage, LLC (**GMAC**), who then successfully foreclosed on the Property.

On appeal to this Court, we explained that "Unciano's primary argument underlying all her consolidated appeals is that [GMAC] did not establish that, and there were genuine issues of material fact concerning whether, GMAC was the valid holder of the note and mortgage on which the foreclosure action regarding the subject property is based." GMAC Mortg., LLC v. Unciano, 133 Hawaiʻi 449, 329 P.3d 354, CAAP-11-0001081, CAAP-13-0000306, CAAP-13-0001307, 2014 WL 2949441, at *1 (App. Jun. 30, 2014) (SDO). "We conclude[d] that there were genuine issues of material fact regarding whether GMAC was the valid holder of the note and mortgage on the subject property." Id. We also

concluded that "GMAC lack[ed] standing to pursue the Foreclosure Action unless GMAC can show that it [was] the owner of the Mortgage." Id. at *4. We then "vacate[d] the Foreclosure Judgment, Confirmation of Sale Judgment, Judgment for Possession, and Order Denying Land Court Petition, and remand[ed] for further proceedings." Id. at *1.

On remand to the Circuit Court, GMAC moved to reinstate the vacated orders and judgment on February 24, 2016 (**2016 Motion to Reinstate**), and submitted the declaration of Chris Eggert of 21st Mortgage Corporation—the current servicer of the Note and Mortgage. GMAC also submitted public records from Delaware and Minnesota that purported to clarify the issues addressed in this Court's 2014 decision. The Circuit Court held a hearing on the Motion to Reinstate where GMAC presented the original Note with endorsements and allonges for inspection. The Circuit Court ultimately granted the 2016 Motion to Reinstate.

In response, Unciano filed multiple motions including (1) an Ex Parte Motion to Correct Court Record Regarding Hearing Held on July 26, 2016, Re: Plaintiff's Motion to Reinstate Vacated Orders and Judgments filed 2/24/16; (2) an amended motion of the same; and (3) a motion for a new trial. In her motion for new trial, Unciano argued that "GMAC lack[ed] standing to proceed without reinstatement of Land Court Order 186175." The Circuit Court denied these motions.

On February 24, 2017, Unciano filed her notice of appeal with this Court. Four days later, the Hawaiʻi Supreme Court published its opinion in Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017). In her opening

brief to this Court, Unciano again contends that GMAC lacks standing, but relies on the Hawaiʻi Supreme Court's holding in Reyes-Toledo to support her contention. In its answering brief, GMAC argues, among other things, that Unciano lacks standing to challenge the Note, this court's only instruction on remand was "concerning the assignment of the Mortgage, not the Note," and its standing to enforce the Note "withstands scrutiny under" Reyes-Toledo.

## II. Discussion

### A. Unciano Has Standing

Contrary to GMAC's contention that Unciano lacks standing to object to the foreclosure action because Unciano is not a party to the Note and cannot avail herself of the rights under the contract, Unciano has standing. The Hawaiʻi Supreme Court observed that standing in the foreclosure context did not implicate the same standing requirements as contract law. See Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 41-42, 414 P.3d 89, 93-94 (2018) ("This court's reasoning in Reyes-Toledo, however, was based on standing and the statutory foreclosure requirements and was not tied to the contractual relationship between the parties.") In Behrendt, the foreclosing bank argued that the defendant "was not a party to the Mortgage and because there is no reasonable interpretation of the Mortgage that confers contractual rights, obligations, and standing on [the defendant] or upon any subsequent purchaser who does not assume the Mortgage, [the defendant] could not 'seek protection' under the Mortgage." Id. at 41, 414 P.3d at 93 (emphasis added). The Court, however, observed that the purpose of ensuring the

5

foreclosing plaintiff has standing is to protect the maker of the note from multiple enforcement of the same note and to protect the homeowner from an improper foreclosure.  See id. at 42, 414 P.3d at 94.  Therefore, a subsequent purchaser may challenge the validity of a foreclosure action.  See id.

The Property was conveyed to Unciano by warranty deed from the Toms for $125.00 in gold.  The warranty deed transferred all rights, title, interests, and claims the Toms had in the Property.  Thus, Unciano was a subsequent purchaser who had standing to challenge the foreclosure action.  See id. at 42, 414 P.3d at 94.

**B.    A Genuine Issue Of Material Fact Exists**

As she did in the first appeal and on remand, Unciano challenges GMAC's standing.  Relying on Reyes-Toledo, Unciano contends that the Circuit Court committed reversible error in granting summary judgment in favor of GMAC because GMAC lacked standing to foreclose on the Property.

In Reyes-Toledo, the bank filed a complaint to foreclose on the homeowner's property.  Reyes-Toledo, 139 Hawaiʻi at 364, 390 P.3d at 1251.  The homeowner asserted many defenses including that the bank was not the holder of the mortgage and note.  Id.  The bank later moved for summary judgment, which was granted, and the circuit court entered an Interlocutory Decree of Foreclosure as a final judgment pursuant to HRCP Rule 54(b).  Id. at 365-66, 390 P.3d at 1252-53.

On certiorari review, the Hawaiʻi Supreme Court explained that "[i]n order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent

6

to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with[,]" including proving "its entitlement to enforce the note and mortgage." Id. at 367, 390 P.3d at 1254. "A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit." Id. (citation omitted and cleaned up).

Because the bank moved for summary judgment, it was the bank's burden to show that there were no genuine issues of material fact regarding the essential elements of a foreclosure action. Id. at 370, 390 P.3d at 1257. More specifically, "standing must be present at the commencement of the case. . . . [A] foreclosing plaintiff must establish entitlement to enforce the note at the time the action was commenced[.]" Id. at 368, 390 P.3d at 1255 (emphasis added). The Hawaiʻi Supreme Court held that the bank failed to meet its burden because there was no evidence in the record showing that "the blank indorsement on the Note occurred prior to the initiation of the suit." Id. at 371, 390 P.3d at 1258.

Like the homeowner in Reyes-Toledo, Unciano challenged whether GMAC was the holder of the note and mortgage and, thus, challenged GMAC's standing. Standing "arises solely out of justiciability concerns based on prudential concerns of judicial self-governance, and is based on concern about the proper--and properly limited--role of courts in a democratic society[,]" and asks whether the litigant is asserting a legally recognized interest that is personal and peculiar to him. See Tax Found. of

7

Hawaiʻi v. State, 144 Hawaiʻi 175, 191-92, 439 P.3d 127, 143-44 (2019) (internal quotation marks omitted).  Accordingly, standing may be raised at any time, and "Hawaiʻi State Courts may consider standing even when not raised by the parties."  Id.; see Mortgage Elec. Registration Sys., Inc. v. Wise, 130 Hawaiʻi 11, 17, 304 P.3d 1192, 1198 (2013), as amended (July 10, 2013).[3]  Here, Unciano consistently challenged GMAC's standing, albeit for different reasons.

In addition, as the Hawaiʻi Supreme Court explained in Reyes-Toledo, the "requirement that a foreclosing plaintiff prove its entitlement to enforce the note at the commencement of the proceedings provides strong and necessary incentives to help ensure that the note holder will not proceed with a foreclosure action before confirming that it has a right to do so."  Reyes-Toledo, 139 Hawaiʻi at 369, 390 P.3d at 1256 (emphasis added and internal quotation marks omitted).

Because standing may be considered at any time, Unciano consistently challenged GMAC's standing, and Reyes-Toledo is binding on this Court, we address whether there were genuine issues of material fact as to Washington Mutual's standing to foreclose at the time this action was originally filed and, by extension, GMAC's standing as a substituted party.  And for summary judgment purposes, we must view the evidence, and

---

[3]  In Wise, the defendants appealed from the judgment confirming the foreclosure sale, challenging the plaintiff's standing to foreclose.  The Hawaiʻi Supreme Court noted that although lack of standing can be raised at any time, the defendants' challenge to standing was barred by res judicata because the defendants did not raise standing in opposition to the foreclosure or appeal the foreclosure judgment.  Wise, 130 Hawaiʻi at 17, 304 P.3d at 1198.  In this case, Unciano appealed from, among other things, the foreclosure judgment and, thus, res judicata does not bar her challenge to Washington Mutual's standing when the 2003 Complaint was filed.

reasonable inferences drawn therefrom, in the light most favorable to Unciano, the non-moving party. See Hawaii Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 221, 11 P.3d 1, 9 (2000).

The 2003 Complaint alleged that Washington Mutual was the owner and holder of the Note by mesne assignment. A copy of the Note, without indorsements, allonges, or bleed-through markings, was attached to the 2003 Complaint.

In stark contrast, at the 2016 Motion to Reinstate hearing, GMAC produced the original Note that showed bleed through and included several allonges with undated special indorsement to various entities purportedly made before a blank endorsement by Residential Funding Company, LLC.

GMAC asserts that the Note was assigned from Western Pacific to Mellon Mortgage Company in 1995, and then to Fleet Real Estate in 1996, which ultimately became known as Washington Mutual. GMAC points to the indorsements on the Note produced at the 2016 hearing as evidence those assignments were made prior to the 2003 Complaint.

However, the three undated indorsements (two of which bled through to the reverse page) and the undated allonges presented at the 2016 hearing were not visible on, and not included with, the Note attached to the 2003 Complaint.[4] That the indorsements were readily visible on the Note produced at the 2016 hearing but not visible on the Note attached to the 2003

---

[4] Similarly, the bleed through was not visible, and the undated allonges were not included with, the Note attached to GMAC's Plaintiff's Motion [1] To Substitute Party and Amend Caption, and [2] For Summary Judgment and Interlocutory Decree of Foreclosure, filed in 2011.

Complaint raises a genuine issue of material fact as to whether Washington Mutual had possession of the Note at the time it filed the 2003 Complaint. The allonges included with the Note produced at the 2016 hearing but not included with the Note attached to the 2003 Complaint raise a similar issue of material fact.

Furthermore, because the indorsements and allonges provided at the 2016 hearing were undated, it is unclear that Washington Mutual was entitled to foreclose at the time it filed the 2003 Complaint. Although GMAC points to several recorded assignments of the Mortgage, that evidence was not dispositive because the debt does not automatically follow the security. See Reyes-Toledo, 139 Hawaiʻi at 371 n.17, 390 P.3d at 1258 n.17 ("Although the security follows the debt, the debt does not automatically follow the security.").

Viewing this evidence in the light most favorable to Unciano, there are genuine issues as to whether Washington Mutual was entitled to enforce the Note at the time it filed the 2003 Complaint, and whether GMAC as the substitute plaintiff was entitled to foreclose on the Property. See Reyes-Toledo, 139 Hawaiʻi at 370, 390 P.3d at 1257; Wells Fargo Bank, N.A. v. Pierce, 144 Hawaiʻi 436, 443 P.3d 128, CAAP-17-0000553, 2019 WL 2723641 at *2 (App. Jun. 28, 2019) (SDO) ("The blank indorsement on the Note is undated and there is no evidence when the blank indorsement was made. Thus, it is unclear at what point the Note could have been negotiated by transfer of possession alone.").

"The requirement that a foreclosing plaintiff prove its entitlement to enforce the note at the commencement of the proceedings provides strong and necessary incentives to help

10

ensure that a note holder will not proceed with a foreclosure action before confirming that it has a right to do so." Reyes-Toledo, 139 Hawaiʻi at 369, 390 P.3d at 1256 (citation and internal quotation marks omitted). On remand, "the foreclosing party must demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with[,]" including proving "its entitlement to enforce the note and mortgage[,]" and the original plaintiff's standing to foreclose when the complaint was filed. Id. at 367-68, 390 P.3d at 1254-55. In light of our resolution, we need not reach Unciano's remaining contentions.

For the foregoing reasons, we vacate the Circuit Court's November 1, 2017 Second Amended Final Judgment and January 27, 2017 Order Denying Unciano's HRCP Rule 59 Motion for New Trials, Amendment of Judgments, Etc., and remand this case for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, February 25, 2022.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge