**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000019**
**09-APR-2024**
**07:52 AM**
**Dkt. 86 SO**

NO. CAAP-19-0000019

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WILMINGTON SAVINGS FUND SOCIETY, FSB, doing business
as CHRISTIANA TRUST, Not Individually but as Trustee
for HILLDALE TRUST, Plaintiff-Appellee,
v.
LAURA TAGUIPED, Defendant-Appellant; CITIBANK
(SOUTH DAKOTA), N.A.; ASSOCIATION OF APARTMENT OWNERS
OF KELLY CONDOMINIUM; STATE OF HAWAIʻI, DEPARTMENT
OF TAXATION, Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 2-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC121000432)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Laura **Taguiped** appeals from the foreclosure **Judgment** entered by the Circuit Court of the Second Circuit on December 14, 2018.[1] She challenges the "Findings of Fact, Conclusions of Law and **Order** Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure" entered on December 14, 2018. We vacate and remand.

---

[1] The Honorable Rhonda I.L. Loo presided.

**Bank of America**, N.A. filed the complaint below on April 25, 2012. Representing herself, Taguiped answered the complaint on July 22, 2014, and served Bank of America's counsel. The circuit court erroneously entered Taguiped's default on September 2, 2014. **Wilmington** Savings Fund Society, FSB substituted as the plaintiff on March 21, 2018. Wilmington moved for summary judgment and a decree of foreclosure on September 25, 2018. The court entered the Order and the Judgment on December 14, 2018. This appeal followed.

Taguiped argues that her liability on her promissory note was discharged in bankruptcy. Her discharge protects her from personal liability under the note, but it doesn't prevent Wilmington from foreclosing on her mortgage. Johnson v. Home State Bank, 501 U.S. 78, 82-83 (1991).

Taguiped argues that Wilmington didn't prove Bank of America's standing to enforce her note when it filed the complaint, as required by Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017). A copy of the note wasn't attached to the complaint. Wilmington's motion for summary judgment included a copy of the note, authenticated by a declaration of Joanna **Dyer**. The note was payable to **Countrywide** Bank, FSB. It was indorsed in blank by Countrywide. There is no date on the indorsement. The note does not show when Bank of America became the holder.

Dyer was "an authorized signer of . . . [Wilmington]'s servicing agent[,]" **Fay** Servicing LLC. The information in her declaration was "taken from Fay's business records." Fay became Wilmington's loan servicer on March 7, 2017. **BSI** Financial Services and Bank of America serviced the loan before Fay. Dyer stated:

> 37. According to [BSI and Bank of America]'s records, [Bank of America] was in possession of the original Note, indorsed in blank, prior to 04/25/2012, the date of the filing of the Complaint.

According to Dyer, "Fay did review and determine [BSI and Bank of America]'s business records were trustworthy

otherwise it would not have incorporated it into its own records."  But Dyer's declaration didn't show circumstances indicating trustworthiness of the incorporated records, as required under <u>Wells Fargo Bank, N.A. v. Behrendt</u>, 142 Hawaiʻi 37, 45-46, 414 P.3d 89, 97-98 (2018).  <u>Compare</u> <u>U.S. Bank Tr., N.A. v. Verhagen</u>, 149 Hawaiʻi 315, 325-26, 489 P.3d 419, 429-30 (2021) (discussing "scant" and "nebulously described" circumstances indicating trustworthiness of incorporated records), <u>with</u> <u>Deutsche Bank Nat'l Tr. Co. v. Yata</u>, 152 Hawaiʻi 322, 334-35, 526 P.3d 299, 311-12 (2023) (noting that third <u>Behrendt</u> requirement wasn't satisfied).  Dyer's declaration didn't specify how Fay determined that the incorporated records were trustworthy.  The declaration didn't establish admissibility of the note or other incorporated records under Hawaii Rules of Evidence Rule 803(b)(6).  Wilmington did not show that Bank of America had standing to enforce the note when it filed the foreclosure complaint.  The circuit court erred by granting Wilmington's motion for summary judgment.

Taguiped's other arguments are without merit.  The "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure" and the "Judgment," both entered on December 14, 2018, are vacated, and this case is remanded to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, April 9, 2024.

On the briefs:

R. Steven Geshell,
for Defendant-Appellant
Laura Taguiped.

Charles R. Prather,
Sun Young Park,
Peter T. Stone,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge