**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000596**
**18-APR-2024**
**08:05 AM**
**Dkt. 90 SO**

NO. CAAP-19-0000596

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR
SECURITIZED ASSET BACKED RECEIVABLES LLC 2005-FR5
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FR5,
Plaintiff-Appellee,
v.
PHONGPUN GILBERT, Defendant-Appellant; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; UNITED STATES OF AMERICA;
DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL
UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC181000064)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Phongpun **Gilbert** appeals from the **Judgment** entered by
the Circuit Court of the Fifth Circuit on July 30, 2019.[1]
Gilbert challenges the **Order** granting **Wells Fargo** Bank's motion
for summary judgment and decree of foreclosure entered on
July 30, 2019.  We vacate the Order and the Judgment and remand
for further proceedings.

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

Wells Fargo filed a complaint to foreclose Gilbert's mortgage on April 27, 2018.  Wells Fargo moved for summary judgment.  The circuit court entered the Order and the Judgment.  Gilbert appeals.  She argues: (1) Wells Fargo did not prove it had standing to enforce her **Note** when its complaint was filed; (2) Wells Fargo's business records were not authenticated; and (3) Wells Fargo's foreclosure claim is barred by dismissal of an earlier lawsuit.

**(1)**  A foreclosing plaintiff must show it had the right to enforce the note when its complaint was filed.  <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017).  Wells Fargo's attorney filed a declaration on August 15, 2018.  He stated he received Gilbert's original promissory note on February 22, 2018 (before the complaint was filed); he "personally reviewed the original endorsed [sic] Note"; and the blank indorsement is "on the reverse side of page 4 of the Note."  Counsel's declaration was based on personal knowledge and showed that Wells Fargo had the right to enforce Gilbert's note when its complaint was filed.

**(2)**  Wells Fargo's motion for summary judgment was supported by the declaration of Rebecca C. **Wallace**.  Wallace worked for **Nationstar** Mortgage LLC.  According to Wallace: the original lender, Fremont Investment & Loan, assigned Gilbert's mortgage to Wells Fargo; Nationstar serviced the loan for Wells Fargo; the servicer before Nationstar was **Bank of America**; and Nationstar incorporated Bank of America's business records for Gilbert's loan into its own business records.  Wallace's declaration stated:

> Before [Bank of America]'s records were incorporated into Nationstar' [sic] own business records, it conducted an independent check into [Bank of America]'s records and found them in keeping with industry wide loan servicing standards and only integrated them into Nationstar' [sic] own business records after finding [Bank of America]'s records were made as part of a regularly conducted activity, met industry standards and determined to be trustworthy.

2

Wallace didn't describe what Nationstar did to verify the trustworthiness of Bank of America's records, as required by <u>Wells Fargo Bank, N.A. v. Behrendt</u>, 142 Hawai'i 37, 45-46, 414 P.3d 89, 97-98 (2018).  <u>Compare</u> <u>U.S. Bank Tr., N.A. v. Verhagen</u>, 149 Hawai'i 315, 325-27, 489 P.3d 419, 429-31 (2021) (discussing "scant" and "nebulously described" circumstances indicating trustworthiness of incorporated records), <u>with</u> <u>Deutsche Bank Nat'l Tr. Co. v. Yata</u>, 152 Hawai'i 322, 334-35, 526 P.3d 299, 311-12 (2023) (noting that third <u>Behrendt</u> requirement wasn't satisfied).  Wallace's declaration didn't establish admissibility of the incorporated Bank of America records under Hawaii Rules of Evidence Rule 803(b)(6) (2016).  Wells Fargo did not meet its burden as movant under <u>Verhagen</u>, 149 Hawai'i at 328 n.12, 489 P.3d at 432 n.12.  It did not prove Gilbert's default under the terms of the agreements or delivery of the notice of default.  <u>See</u> <u>Wells Fargo Bank, N.A. v. Fong</u>, 149 Hawai'i 249, 253, 488 P.3d 1228, 1232 (2021).  The circuit court erred by granting Wells Fargo's motion for summary judgment.

**(3)**  Gilbert argues that Wells Fargo is "precluded" from pursuing foreclosure because Wells Fargo's earlier lawsuit against her was dismissed.  She doesn't specify whether claim preclusion or issue preclusion should apply.  But it doesn't matter because she didn't provide the circuit court with Wells Fargo's earlier complaint or any information about what claims were asserted or what issues were presented in the previous lawsuit.  Her preclusion argument is without merit.

The circuit court's "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Default Judgment Against Defendants Phongpun Gilbert, Mortgage Electronic Registration Systems, Inc. and Summary Judgment Against All Defendants and Decree of Foreclosure Against All Defendants on Complaint Filed April 27, 2018" and "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Default Judgment Against Defendants Phongpun Gilbert, Mortgage Electronic Registration Systems, Inc. and Summary

Judgment Against All Defendants and Decree of Foreclosure Against All Defendants on Complaint Filed April 27, 2018," both entered on July 30, 2019, are vacated, and this case is remanded for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, April 18, 2024.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
Matthew K. Yoshida,
for Defendant-Appellant.

Keith M. Kiuchi,
for Defendant-Appellant.

J. Blaine Rogers,
Madisson L. Heinze,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge