**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000438**
**31-JAN-2025**
**08:39 AM**
**Dkt. 150 SO**

NOS. CAAP-21-0000438 AND CAAP-22-0000588


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-21-0000438**
DEUTSCHE BANK TRUST COMPANY AMERICAS,
AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC.,
MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2005-Q01, Plaintiff-Appellee,
v.
MICHAEL JON SZYMANSKI, Defendant-Appellant, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR COUNTRYWIDE MORTGAGE VENTURES, LLC,
dba WESTERN PARADISE FINANCIAL; WAILEA COMMUNITY ASSOCIATION;
WAILEA PUALANI ESTATES HOMEOWNERS ASSOCIATION;
WELLS FARGO BANK, N.A. AS INDENTURE TRUSTEE
FOR GMACM HOME EQUITY LOAN TRUST 2002-HE1,
GMACM HOME EQUITY LOAN-BACKED TERM NOTES 2002-HE1,
Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and
DOE GOVERNMENTAL UNITS 1-20, Defendants

MICHAEL JON SZYMANSKI, Counterclaimant-Appellant,
v.
DEUTSCHE BANK TRUST COMPANY AMERICAS,
AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC.,
MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2005-Q01, Counterclaim Defendant-Appellee


AND


**CAAP-22-0000588**
DEUTSCHE BANK TRUST COMPANY AMERICAS,
AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC.,
MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2005-Q01, Plaintiff-Appellee,
v.

MICHAEL JON SZYMANSKI, Defendant-Appellant, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR COUNTRYWIDE MORTGAGE VENTURES, LLC
dba WESTERN PARADISE FINANCIAL; WAILEA COMMUNITY ASSOCIATION;
WAILEA PUALANI ESTATES HOMEOWNERS ASSOCIATION;
WELLS FARGO BANK, N.A. AS INDENTURE TRUSTEE
FOR GMACM HOME EQUITY LOAN TRUST 2002-HE1,
GMACM HOME EQUITY LOAN-BACKED TERM NOTES 2002-HE1,
Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and
DOE GOVERNMENTAL UNITS 1-20, Defendants

MICHAEL JON SZYMANSKI, Counterclaimant-Appellant,
v.
DEUTSCHE BANK TRUST COMPANY AMERICAS,
AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC.,
MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2005-Q01, Counterclaim Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC181000015)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Michael Jon **Szymanski** appeals from the April 20, 2020 **Judgment** for **Deutsche Bank** Trust Company Americas entered by the Circuit Court of the Second Circuit.[1] Szymanski challenges the circuit court's April 20, 2020 findings, conclusions, and order granting foreclosure (the **Foreclosure Decree**); May 27, 2021 order denying reconsideration; July 18, 2022 order denying his motion to vacate the Judgment; and September 8, 2022 order denying reconsideration.[2] We vacate the Judgment, vacate in part and affirm in part the Foreclosure Decree, and remand for further proceedings.

---

[1] The Honorable Rhonda I.L. Loo presided.

[2] Judge Loo entered the April 20, 2020 and May 27, 2021 orders. The Honorable Kirstin M. Hamman entered the July 18, 2022 and September 8, 2022 orders.

In 2005, Szymanski signed a promissory **Note** to Homecomings Financial Network, Inc.  The Note was secured by a **Mortgage** on real property in Wailea, Maui.  The Mortgage was ultimately assigned to Deutsche Bank.  Szymanski allegedly defaulted on the Note in 2008.  By letter dated September 30, 2014, Deutsche Bank notified Szymanski of his alleged default.  The letter told Szymanski he could cure his default by paying $796,873.85 by November 4, 2014, plus other amounts that become due after the date of the letter, and told him how to find out the amount needed to cure his default.

Deutsche Bank filed a mortgage foreclosure complaint on January 11, 2018.  On April 20, 2020, the circuit court entered the Foreclosure Decree and the Judgment.  Szymanski appeals.  He argues that the circuit court erred procedurally and substantively when it entered the Foreclosure Decree.  We address his procedural arguments first, then his dispositive substantive argument.

**(1)**  Szymanski contends Deutsche Bank's lawsuit was barred by res judicata because an earlier foreclosure action by Deutsche Bank's predecessor in interest was dismissed with prejudice.  In Aurora Loan Services LLC v. Szymanski, No. CAAP-21-0000435, 2024 WL 4814872 (Haw. App. Nov. 18, 2024) (SDO), we affirmed the circuit court's ruling that the dismissal was without prejudice.  We held the dismissal was not a decision on the merits.  Claim preclusion does not bar Deutsche Bank's lawsuit.

**(2)**  Szymanski contends the circuit court erred by entering the Foreclosure Decree without first determining the specific amount he owed.  His claim lacks merit.

> To be entitled to a decree of foreclosure, the Bank was required to prove [the mortgagor]'s default.  It was not required to prove the exact amount owed under the [Note] until after the confirmation of the foreclosure sale.  Consequently, despite lacking the specific amount of indebtedness, the [foreclosure] Decree is valid.

3

Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 550, 654 P.2d 1370, 1374 (1982).

(3)     Szymanski contends Deutsche Bank's foreclosure claim is time-barred because he defaulted in 2008, Deutsche Bank sued him in 2018, and the statute of limitations for a default under a promissory note is Hawaii Revised Statutes (**HRS**) § 657-1 (six years).  Szymanski is correct that HRS § 657-1 applies to actions to recover on a debt based on a contract.  But "[a] foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property."  Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017).  "[T]he statute of limitations on actions 'to recover possession of any lands, or make any entry thereon,' under HRS § 657-31 [is] most analogous to a foreclosure action, as opposed to an action to recover a debt[.]"  Bowler v. Christiana Tr., No. CAAP-16-0000728, 2018 WL 4659562, at *8 (Haw. App. Sept. 28, 2018) (mem. op.), cert. denied, SCWC-16-0000728, 2019 WL 951008 (Haw. Feb. 26, 2019).[3]  The limitation period under HRS § 657-31 (2016) is twenty years.  Deutsche Bank's mortgage foreclosure action is not time-barred.

(4)     Szymanski contends the circuit court erred by granting Deutsche Bank's motion for summary judgment.  We review a circuit court's grant of summary judgment de novo.  Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018).  Szymanski argues that Deutsche Bank didn't lay the foundation required to admit its documents under U.S. Bank Trust, N.A. v. Verhagen, 149 Hawaiʻi 315, 326, 489 P.3d 419, 430 (2021) and Deutsche Bank National Trust Co. v. Yata, 152 Hawaiʻi 322, 331, 526 P.3d 299, 308 (2023).  We agree that foundation was lacking for the records Deutsche Bank incorporated from **Aurora** Bank FSB.

---

[3]     We note that Deutsche Bank is not seeking a deficiency judgment against Szymanski because his debt under the Note was discharged in bankruptcy.

Rebecca **Wallace** signed a declaration to authenticate Deutsche Bank's documents. Wallace was authorized to sign her declaration by **Nationstar** Mortgage LLC. Nationstar became Deutsche Bank's servicing agent on July 1, 2012, and maintained Deutsche Bank's records for Szymanski's loan. Nationstar took over servicing from Aurora. "Nationstar took custody and control of loan documents and business records of [Aurora] and incorporated all such records into the business records of Nationstar." Those incorporated records "are regularly used and relied upon by Nationstar[.]"

> [W]hen an entity incorporates records prepared by another entity into its own records, they are admissible as business records of the incorporating entity provided that it relies on the records, there are other indicia of reliability, and the requirements of [Hawaii Rules of Evidence (**HRE**)] Rule 803(b)(6) are otherwise satisfied.

State v. Fitzwater, 122 Hawaiʻi 354, 367–68, 227 P.3d 520, 533–34 (2010).

> Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness[4] testifies that [1] the documents were incorporated and kept in the normal course of business, [2] that the incorporating business typically relies upon the accuracy of the contents of the documents, and [3] *the circumstances otherwise indicate the trustworthiness of the document*.

Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 45, 414 P.3d 89, 97 (2018) (emphasis added).

Wallace's declaration satisfied the first two Behrendt elements. As to circumstances indicating trustworthiness of the incorporated documents, Wallace's declaration stated:

> 31. Before [Aurora]'s records were incorporated into Nationstar's own business records, it conducted an independent check into [Aurora]'s records and found them in keeping with industry wide loan servicing standards and only integrated them into Nationstar's own business records after finding [Aurora]'s records were made as part of a regularly

---

4 Wallace was a qualified witness because she had knowledge of Nationstar's record-keeping system and Nationstar's incorporation of prior loan servicers' documents. See Yata, 152 Hawaiʻi at 334 n.17, 526 P.3d at 311 n.17.

conducted activity, met industry standards and determined to be trustworthy.

. . . .

33. Nationstar's records and files, including those integrated from prior servicers, are deemed trustworthy. These records and files are deemed trustworthy because, among other things, the mortgage servicing industry is a heavily regulated industry, with the investors periodically performing audits of Nationstar's business records, which includes the prior servicer records.

. . . .

36. Nationstar has confirmed [Aurora]'s records were properly boarded onto Nationstar's business records otherwise the [Szymanski] loan would have been rejected and would not have been activated for servicing.

In <u>Verhagen</u>, the loan servicer's declaration stated:

The information regarding the Loan transferred to Caliber from the Prior Servicer has been validated in many ways, including, but not limited to, going through a due diligence phase, ***review of hard copy documents, and review of the payment history and accounting of other fees, costs, and expenses charged to the Loan by Prior Servicer***.

149 Hawaiʻi at 326, 489 P.3d at 430 (emphasis added). The supreme court held:

Though scant, this testimony establishes circumstances indicating the trustworthiness of Caliber's incorporated records. It is evidence that before incorporating JPMorgan Chase's documents, Caliber ***reviewed hard copies of the documents, engaged in a "due diligence" process, and reviewed the payment history and accounting associated with the loan***. JPMorgan Chase's documents were not, in other words, uncritically incorporated into Caliber's own. They were vetted by Caliber. This pre-incorporation vetting, however nebulously described by Patterson's testimony, is a circumstance that indicates the trustworthiness of the documents.

<u>Id.</u> (emphasis added). The supreme court held the incorporated records admissible under HRE Rule 803(b)(6). <u>Id.</u> at 327, 489 P.3d at 431.

In <u>Yata</u>, the loan servicers' declarations stated:

SLS maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records.

152 Hawaiʻi at 325, 328, 526 P.3d at 302, 305.  The supreme court held:

> The declarations in <u>Verhagen</u> provided **specific methods of validation** of documents from the prior loan servicer, "including, but not limited to, going through a due diligence phase, review of hard copy documents, and review of the payment history and account of other fees, costs, and expenses charged to the Loan by Prior Servicer."  The Mountes and McCloskey Declarations merely assert that SLS has "quality control and verification procedures" to ensure the accuracy of incorporated records without stating what those procedures are.  This court noted that the testimony indicating circumstances of trustworthiness in <u>Verhagen</u> was "scant" and "nebulously described" circumstances of trustworthiness.  Here, there is even less testimony describing circumstances of trustworthiness.  Thus, it appears that the third <u>Behrendt</u> requirement was not satisfied, and the documents attached to the Mountes and McCloskey Declarations were not admissible.

<u>Id.</u> at 335, 526 P.3d at 312 (emphasis added) (citations omitted).

Here, Wallace's declaration made conclusory statements, like the declarations in <u>Yata</u>.  Wallace didn't explain what "specific methods of validation" Nationstar used in its pre-incorporation vetting to determine that Aurora's records were made as part of a regularly conducted activity, met industry standards, and were trustworthy.  "[A]ffidavits that state ultimate or conclusory facts cannot be used in support of or in opposition to a motion for summary judgment."  <u>Nozawa</u>, 142 Hawaiʻi at 338, 418 P.3d at 1194.

Wallace's declaration stated that Nationstar and Deutsche Bank had "a contractual right of recourse against [Aurora] for any loss or damage caused by [inaccuracies in Aurora]'s records."  Deutsche Bank argues that its right of recourse establishes trustworthiness under <u>Fitzwater</u>, 122 Hawaiʻi at 369, 227 P.3d at 535 (noting that "some courts have found it significant that the entity that created the documents did so in connection with a contractual obligation owed to the second entity").  The argument is not persuasive.  The situations described in <u>Fitzwater</u> involved one party creating a record for another party, or to document a service performed according to the other party's requirements.  <u>Id.</u>  Here, Aurora didn't create

7

its records for Nationstar, or to document a service it performed according to Nationstar's requirements. Nationstar's ability to recover contractual damages from Aurora is an unacceptable alternative to Nationstar conducting its own due diligence review before incorporating Aurora's records into its own. On this record, we conclude that Wallace's declaration did not show circumstances establishing that the information in Aurora's records was trustworthy. See Yata, 152 Hawaiʻi at 335, 526 P.3d at 312.

Szymanski allegedly defaulted on the Note in 2008, four years before Nationstar began servicing his loan for Deutsche Bank. Exhibit 11, the payment history for Szymanski's loan, has information from before Nationstar took over the loan servicing. Wallace's declaration did not explain what specific methods of validation Nationstar used to make sure that information was accurate. Exhibit 11 was not admissible under the HRE Rule 803(b)(6) exception to the hearsay rule. Wallace's testimony about Szymanski's default, being based on Exhibit 11, was inadmissible hearsay. Having failed to show Szymanski's default through admissible evidence,[5] Deutsche Bank did not satisfy its burden as summary judgment movant. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198.

But some documents created by Nationstar, and Wallace's related declaration testimony, were admissible. Wallace stated that Deutsche Bank had the original indorsed-in-blank Note when the foreclosure complaint was filed on January 11, 2018. Exhibit 3, on Nationstar's letterhead, showed that Nationstar sent the original Note to Deutsche Bank's counsel one year before the complaint was filed. Deutsche Bank's counsel's declaration supporting the motion for summary judgment stated his law firm still had the original Note. Deutsche Bank's own business records showed it had standing to enforce the Note when the action below was filed, as required under Bank of Am., N.A. v.

---

[5]     Szymanski's answer denied a default.

Reyes-Toledo, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017). Finding of fact no. 13 in the Foreclosure Decree is affirmed.

Wallace also stated that written notice of default was given to Szymanski.  Exhibit 10, also on Nationstar's letterhead, was a notice-of-default-and-right-to-cure letter dated September 30, 2014, sent to Szymanski via certified mail. Szymanski's opposition to Deutsche Bank's motion did not dispute that the letter was mailed.  Deutsche Bank showed it gave notice of default, as required under Reyes-Toledo, 139 Hawaiʻi at 367-68, 390 P.3d at 1254-55.  The portion of finding of fact no. 20 in the Foreclosure Decree stating: "Due notice of the acceleration of the Note was given to Borrower," is affirmed; the remainder of finding of fact no. 20 is vacated.

We need not address Szymanski's other arguments.  The circuit court's April 20, 2020 "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure" is affirmed in part as stated above, and is otherwise vacated; the April 20, 2020 "Judgment" is vacated; and this case is remanded for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, January 31, 2025.

On the briefs:

Keith M. Kiuchi,
for Appellant Michael
Jon Szymanski.

Charles R. Prather,
Robin Miller,
Sun Young Park,
Peter T. Stone,
for Appellee Deutsche Bank
Trust Company Americas,
as Trustee for Residential
Accredit Loans, Inc., Mortgage
Asset-Backed Pass-Through
Certificates, Series 2005-Q01.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge