**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000097
26-NOV-2025
07:47 AM
Dkt. 160 SO**

NO. CAAP-23-0000097

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NAPOLEON T. ANNAN-YARTEY, SR., Plaintiff-Appellant,
v.
SECURITAS SECURITY SERVICE, INC. USA;
JUSTIN CASTRO, SECURITY GUARD; E. RODRIGUEZ, SECURITY GUARD; W. AGAPAY, SECURITY GUARD; ROJAS RODERICK, SUPERVISOR (All Sued Individually and Official Capacity), Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC181001463)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Self-represented Plaintiff-Appellant Napoleon T. Annan-Yartey, Sr. (**Annan-Yartey**) appeals from the Circuit Court of the First Circuit's[1] (**circuit court**) March 6, 2023 "Final Judgment," entered in favor of Defendants-Appellees Securitas Security Service Inc. USA (**Securitas**), and Securitas employees

---

[1] The Honorable Jeffrey P. Crabtree (**Judge Crabtree**) presided.

Justin Castro, E. Rodriguez,[2] W. Agapay, and Rhoderick Rojas (**Individual Appellees**),[3] and against Annan-Yartey, on all claims.

This appeal arises out of legal action initiated by Annan-Yartey against Appellees. Annan-Yartey alleged that, in July 2017, he suffered injuries from an interaction with the Individual Appellees at the Daniel K. Inouye Honolulu International Airport, where Securitas was contracted to provide security services. Annan-Yartey asserted claims of false imprisonment, conspiracy, assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring and screening, negligent training, negligent supervision, and violations of state and federal constitutional rights.

Annan-Yartey's state and federal constitutional claims, negligent hiring, negligent training, and negligent supervision claims were disposed of prior to trial. The state and federal constitutional claims were dismissed pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Summary judgment was granted in favor of Appellees on the negligent

---

[2]    E. Rodriguez is also referred to as "Elijah Rodriguez" in the analysis of point of error 7.

[3]    Securitas and the Individual Appellees are collectively referred to as **Appellees.**

hiring, negligent training, and negligent supervision claims. During trial, but prior to jury deliberation, judgment as a matter of law (**JMOL**) was entered on the conspiracy claim pursuant to HRCP Rule 50.

Annan-Yartey's remaining claims then proceeded to the jury, and the jury returned a verdict in favor of Appellees. The circuit court entered the Final Judgment. This appeal followed.

Annan-Yartey raises nine arguments on appeal,[4] contending that the circuit court erred or abused its discretion in: (1) "commit[ing] prejudicial error . . . when [Judge Crabtree] refused to recuse himself for being tainted with bias, [lack of] impartiality, conflict of interest and racism toward [Annan-Yartey]"; (2) "when it granted final [JMOL] in favor of [Appellees]"; (3) in entering judgment in favor of Appellees because "the jury erred when it found that [Securitas] was not vicariously liable of [sic] [Individual Appellees]"; (4) "in denying [Annan-Yartey's] motion for discovery"; (5) "by excluding [Annan-Yartey's] treating physicians' medical reports and testifying as fact witness[es]"; (6) by giving the jury

---

[4] Annan-Yartey's opening brief does not set forth points of error on appeal, and is in other ways noncompliant with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). To promote access to justice, we do not automatically foreclose self-represented litigants from appellate review for their failure to comply with the court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

"erroneous jury instructions"; (7) in "den[ying] [Annan-Yartey's] motion to compel attendance of Elijah Rodriguez[] [at a] deposition and [the] jury trial"; (8) in "violat[ing] [Annan-Yartey's] constitutional rights" by "permit[ting] [Appellees' attorney] to elicit highly prejudicial statement[s] and evidence to perpetuate fraud on the court"; and (9) in "violat[ing] [Annan-Yartey's] constitutional rights" by "permit[ting] [Appellees' attorney] to elicit highly prejudicial statement[s] by expanding the scope of Dr. Marvit[']s testimony about [Annan-Yartey's] mental condition and the arrest of [Honolulu Police Department]."  (Capitalization altered.)

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Annan-Yartey's contentions as discussed below, and affirm the circuit court's Final Judgment.

(1) Annan-Yartey contends that Judge Crabtree erred by "refus[ing] to recuse himself for being tainted with bias, [lack of] impartiality, conflict of interest and racism towards [Annan-Yartey]."  "Decisions on recusal or disqualification present perhaps the ultimate test of judicial discretion and should thus lie undisturbed absent a showing of abuse of that discretion."  State v. Ross, 89 Hawaiʻi 371, 375, 974 P.2d 11, 15 (1998).

Hawaiʻi courts reviewing questions of disqualification and recusal apply a two-part analysis. First, with respect to judicial disqualification, "courts determine whether the alleged bias is covered by [Hawaii Revised Statutes (**HRS**)] § 601-7, which only pertains to cases of affinity or consanguinity, financial interest, prior participation, and actual judicial bias or prejudice." Kondaur Cap. Corp. v. Matsuyoshi, 150 Hawaiʻi 1, 10-11, 496 P.3d 479, 488-89 (App. 2021) (footnote omitted) (quoting Ross, 89 Hawaiʻi at 377, 974 P.2d at 17).

Second, with respect to judicial recusal, "if HRS § 601-7 does not apply, courts may then turn, if appropriate, to the notions of due process . . . in conducting the broader inquiry of whether circumstances . . . fairly give rise to an appearance of impropriety and . . . reasonably cast suspicion on [the judge's] impartiality." Id. at 11, 496 P.3d at 489 (cleaned up). "The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." Id. at 21, 496 P.3d at 499 (quoting Off. of Disciplinary Couns. v. Au, 107 Hawaiʻi 327, 338, 113 P.3d 203, 214 (2005)).

Judge Crabtree filed two judicial disclosures on the record. His first disclosure, dated January 11, 2019, informed

the parties of his former professional affiliation with Appellees' law firm, which was then known as Bronster Crabtree & Hoshibata, and with attorney Margery S. Bronster, who was his law partner from 1999 to 2007. Judge Crabtree represented that he is "completely neutral and impartial" "[r]egarding the parties to this case." The first disclosure gave the parties until January 25, 2019 to request "further clarification or information regarding any of the [] disclosures," and until 4 p.m. on February 4, 2019 to move for Judge Crabtree's disqualification/recusal. Both Annan-Yartey and Appellees responded that they had no objections to Judge Crabtree presiding over the case.

Judge Crabtree's second disclosure, filed August 10, 2021, informed the parties that his former law clerk had recently accepted employment at the Bronster Fujichaku Robbins law firm during the pendency of the litigation, and that normal conflict avoidance procedures would be observed. Judge Crabtree represented that his second disclosure "[did] not change the [circuit] court's previous view that it can in fact be completely fair and impartial."

In September 2021, Annan-Yartey moved for Judge Crabtree's recusal, to which Appellees objected. In October 2021, Judge Crabtree heard and denied Annan-Yartey's motion.

We note the absence of record evidence supporting Annan-Yartey's contentions that Judge Crabtree exhibited bias towards him. "Bias cannot be premised on adverse rulings alone." Arquette v. State, 128 Hawaiʻi 423, 448, 290 P.3d 493, 518 (2012) (citation omitted). Annan-Yartey's speculative claims of bias or prejudice are insufficient to require disqualification, absent specific facts to support those claims. Id.

"[A] judge is duty-bound *not* to withdraw where the circumstances do not fairly give rise to an appearance of impropriety and do not reasonably cast suspicion on his [or her] impartiality." Kondaur, 150 Hawaiʻi at 22, 496 P.3d at 500 (cleaned up). We conclude that Judge Crabtree did not abuse his discretion by not disqualifying or recusing himself from this case.

(2) Annan-Yartey contends that the circuit court erred in entering JMOL. HRCP Rule 50(a)(1) authorizes a trial court to grant JMOL, "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue[.]" The record reflects that the circuit court's JMOL was entered only as to Annan-Yartey's conspiracy claim. The circuit court explained that, based on the testimony

presented at trial, "there was just nothing the [circuit] court could find that supported a conspiracy claim."

Annan-Yartey's opening brief fails to point to any record evidence that supports his allegations of conspiracy. Moreover, Annan-Yartey has not satisfied his duty to provide the relevant trial transcripts that are necessary for this court's review of this issue -- i.e., the testimony of Justin Castro, Rhoderick Rojas, and W. Agapay. See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and [they have] the responsibility of providing an adequate transcript.") (citation omitted). We therefore have no basis upon which to review the circuit court's JMOL, which we leave undisturbed.

(3) Annan-Yartey appears to contend that the jury erred in finding that Securitas was not vicariously liable for the Individual Appellees' actions. The record reflects that the jury did not make a finding as to Securitas' vicarious liability. Annan-Yartey therefore fails to make a discernible argument as to this point. "We will disregard a point of error if the appellant fails to present discernible argument on the alleged error." Bank of Haw. v. Shaw, 83 Hawaiʻi 50, 52, 924 P.2d 544, 546 (App. 1996) (citation omitted).

8

(4) Annan-Yartey contends that the circuit court erred in denying his "motion for discovery." Annan-Yartey appears to contend that the circuit court erred in denying the testimony of his "treating physicians" who he alleges to have knowledge of his medical condition.

In its June 6, 2022 "Order Granting in Part and Denying in Part [Annan-Yartey's] Motion to Present Testimony of Physicians Who Treated Him for the Injuries that He Sustained on July 4, 2019 After July 4, 2017, Filed April 8, 2022" (**Physician Testimony Order**), the circuit court ruled,

> The Motion is GRANTED with respect to:
>
> 1. Dr. Henry Cacanindin of the Kuakini Medical Center, who treated [Annan-Yartey] on July 4, 2017 may testify at the trial of this matter.
>
> The Motion is DENIED with respect to:
>
> 1. Dr. Maria Ver, Dr. [Szeto-Wong], and Dr. Richard Inae may not testify at the trial of this matter[.[5]]

_____

[5] In its earlier May 6, 2022 "Ruling," the circuit court denied Annan-Yartey's request to introduce Dr. Ver, Dr. Szeto-Wong, and Dr. Inae's testimony, explaining,

> C. Here, the three doctors the instant motion is focused on did not treat [Annan-Yartey] at or soon after the alleged assault in 2017. They treated him one year later (2008, Dr. Ver, neck cysts), and three years later (2020, Dr. Inae, bowel obstruction and Dr. Szeto-Wong, heart ailment/Pacemaker).
>
> D. Based on the current record, it is not readily apparent that these later-treated medical conditions are causally related to the alleged assault in 2017, such as if it were follow-up treatment for a broken bone suffered at the time of the alleged incident.
>
> E. The instant motion does not provide any medical evidence regarding the three doctors mentioned above, other than the medical records for their treatment. None of these medical records states, infers, or even discusses

(continued . . .)

Annan-Yartey presents no argument, nor does he point to any evidence in the record, that would support a causal connection between Dr. Ver, Dr. Szeto-Wong, and Dr. Inae's treatment and Annan-Yartey's alleged assault. We therefore conclude that Annan-Yartey failed to demonstrate error, and we affirm the circuit court's exclusion of Dr. Ver, Dr. Szeto-Wong, and Dr. Inae's testimony from trial. See Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (appellants failed to demonstrate error where they "[did] not point to anything in the record or provide any analysis that

---

[5](. . . continued)
whether any symptom, diagnosis, or prognosis is related to the alleged assault in 2017.

F. [Annan-Yartey's] motion asks that the three above-named treating doctors be allowed to testify about their treatment of the later conditions discussed above. But such testimony is only relevant to [Annan-Yartey's] claims if the later conditions are [causally] related to the 2017 alleged assault. So the three doctors' testimony is only relevant if they give causation opinions. This was already barred by the court's prior summary judgment ruling, because no admissible medical opinion establishing causation was ever submitted.

G. [Annan-Yartey] frames his request as one for "clarification" rather than reconsideration. The court respectfully disagrees. The prior [motion for summary judgment] established that medical causation testimony is required under Hawaii law, that it is [Annan-Yartey's] burden to establish causation, that discovery had closed, that the required evidence was not provided in opposition to the motion, and therefore such causation testimony was precluded. It is true that [Annan-Yartey] was *pro se* at the time, but that in and of itself is not grounds to unwind a prior dispositive order.

(Emphasis in original.)

10

would guide th[e] court in determining the validity of their contention.").

(5) Annan-Yartey contends that the circuit court erred by ruling "that [Annan-Yartey's] medical records were not admissible under any exception to the hearsay rule."  Annan-Yartey does not specify which medical records were excluded, where in the record they were excluded, or the basis for the circuit court's alleged exclusion of the records.  The record reflects that the partial medical records of Annan-Yartey's emergency medical treatment at the airport and in transit were admitted into evidence.  Annan-Yartey's Kuakini Health System emergency medical records were also admitted into evidence.  We therefore decline to address this contention for lack of a discernible argument.

(6) Annan-Yartey contends that the circuit court erred in its instructions to the jury.  We review jury instructions to determine whether, considered as a whole, the instructions were "prejudicially insufficient, erroneous, inconsistent, or misleading."  Medeiros v. Choy, 142 Hawaiʻi 233, 239, 418 P.3d 574, 580 (2018) (quoting Nelson v. Univ. of Haw., 97 Hawaiʻi 376, 386, 38 P.3d 95, 105 (2001)).

Annan-Yartey makes three arguments related to jury instructions.  In light of sections (2) and (3), supra, we decline to address the circuit court's instruction on

conspiracy, and its "refus[al]" to give an instruction on vicarious liability.  With regard to the remaining instruction, Annan-Yartey contends that the circuit court "erred in instructing the jury regarding the Civil Assault claim by giving [Appellees'] requested instruction, which was a criminal assault instruction[, as] this instruction confused the jury."

The record reflects that the circuit court instructed the jury as to both civil assault and criminal assault.[6]  The

_____

[6]     The circuit court's instruction on "assault" and "assault against a law enforcement officer" was given in connection with Appellees' "probable cause to arrest" defense, as follows:

> The existence of probable cause to arrest is an affirmative defense to an action for false imprisonment. Probable cause exists when the facts and circumstances known to the officer, or of which he had reasonably trustworthy information, would warrant a man of reasonable caution to believe that the person arrested has committed or is committing an offense.
>
> A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another person.
>
> A person commits the offen[se] of assault against a law enforcement officer in the first degree if the person intentionally or knowingly causes bodily injury to a law enforcement officer who is engaged in the performance of duty.
>
> A person commits the offen[se] of assault against a law enforcement officer in the second degree if the person recklessly causes bodily injury to a law enforcement officer who is engaged in the performance of duty.
>
> If [Annan-Yartey] committed assault, assault against a law enforcement officer in the first degree, or assault against a law enforcement officer in the second degree against [Justin] Castro, then [Annan-Yartey] committed a criminal offense under the laws of the State of Hawai'i.
>
> If [Annan-Yartey] committed a criminal offense under the laws of the State of Hawai'i in any [Individual Appellees']

(continued . . .)

12

circuit court gave the following instruction on the common law

tort of assault,

> A person commits the common law tort of assault if he acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact. The actor must intend to cause a harmful or offensive contact, or imminent apprehension thereof.
>
> Plaintiff must prove each element of assault by a preponderance of the evidence. Failure to prove any single element, is a failure to prove the civil assault claim.

Annan-Yartey does not acknowledge the above

instruction on civil assault, and contends only that the circuit

court's "assault instruction" was "verbose, jumbled, and

confusing."

On this record, we conclude that the circuit court's

jury instructions on civil and criminal assault were not

"prejudicially insufficient, erroneous, inconsistent, or

misleading." Medeiros, 142 Hawai'i at 239, 418 P.3d at 580

(citation omitted).

(7) Annan-Yartey contends that the circuit court erred

in failing to compel Defendant-Appellee Elijah Rodriguez's

(**Rodriguez**) attendance at trial and, separately, at a pre-trial

deposition. We review the circuit court's ruling on a motion to

compel discovery for abuse of discretion. Bank of N.Y. Mellon

---

[6](. . .continued)
presence, then [Individual Appellees] had probable cause to place [Annan-Yartey] under arrest.

13

v. Lemay, 137 Hawaiʻi 30, 33, 364 P.3d 928, 931 (2015) (citation omitted).

Annan-Yartey first contends that the circuit court failed to compel Rodriguez's attendance at trial. The record reflects that Annan-Yartey did not move to compel Rodriguez's attendance at trial. On this record, we conclude that Annan-Yartey's contention lacks merit.

Annan-Yartey next contends that the circuit court failed to compel Rodriguez's attendance at a pre-trial deposition. The record reflects that Annan-Yartey subpoenaed Rodriguez to appear at a deposition on November 12, 2019. Appellees' counsel met and conferred with Annan-Yartey to discuss rescheduling the deposition to a date/time that would work for both sides. Appellees' counsel's declaration states that Annan-Yartey "told us [at the meet and confer] that he would insist on the depositions going forward on November 12 and 13, 2019." "However, after the meet and confer, [Annan-Yartey] stated that he would reset the deposition dates and time in December to allow sufficient time to contact and prepare the deponents." The record reflects further communication between Appellees' counsel and Annan-Yartey regarding the deposition scheduling.

In December 2019, Annan-Yartey moved the circuit court to compel Rodriguez to appear at a deposition. The circuit

court noted, at the January 2020 hearing, that it was inclined to deny the motion without prejudice. The circuit court did not, however, enter a written order on the motion, and Annan-Yartey subpoenaed Rodriguez to a video deposition scheduled for February 4, 2020. Prior to the scheduled deposition, the circuit court issued a minute order, noting further difficulties regarding the parties' scheduling of depositions. The circuit court "encourage[d] both sides to accomplish whatever can be accomplished on Feb. 3 and 4, and then [the circuit court would] set another status hearing if [needed] to smooth out any ongoing problems."

It appears that the February 4, 2019, deposition did not proceed as scheduled, Rodriguez was not deposed, and Annan-Yartey did not make further attempts to depose Rodriguez. In January 2021, two months after the discovery cut-off date, Annan-Yartey filed "[Annan-Yartey's] Motion to Re-Open Discovery for Limited Written Discovery," in which he sought to "conduct expedited limited written discovery of Elijah Rodrigo [sic] and [Annan-Yartey's] 'disclosed treating doctors.'" The circuit court denied Annan-Yartey's request to re-open discovery.

On this record, we conclude that the circuit court did not abuse its discretion by not compelling Rodriguez's deposition testimony.

(8) Annan-Yartey contends that the circuit court violated his constitutional rights by "permitt[ing] [Appellees' counsel] to elicit highly prejudicial statement[s] and evidence to perpetuate Fraud on the Court." Annan-Yartey specifically maintains that Appellees' counsel "was permitted by the [circuit] court to elicit from the [HRS §] 261-17 . . . inflammatory evidence that, Securitas Security guards [] were airport police and not Security Guards." Annan-Yartey fails to present any discernible argument, and we therefore decline to address this contention.

(9) Annan-Yartey contends that the circuit court violated his constitutional rights by "permitt[ing] [Appellees' counsel] to elicit highly prejudicial statement[s] by expanding the scope of Dr. Marvit[']s testimony about [Annan-Yartey's] mental condition and the arrest of [Honolulu Police Department]." It appears that Annan-Yartey is objecting here to Appellees' introduction of Annan-Yartey's arrest record and the characterization of Annan-Yartey as "delusional."

The transcript of Dr. Marvit's testimony is not in the record. We therefore lack a sufficient record on which to review contentions of error related to the introduction of Dr. Marvit's testimony.

The transcript of Appellees' counsel's closing statement is in the record and, relevant here, it reflects that

16

Annan-Yartey did not make any objections.  Annan-Yartey's argument on appeal is therefore waived.  See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.") (citations omitted).

For the foregoing reasons, we affirm the Final Judgment.[7]

DATED: Honolulu, Hawaiʻi, November 26, 2025.

On the briefs:

Napoleon T. Annan-Yartey, Sr.
Self-represented
Plaintiff-Appellant.

Kenneth S. Robbins,
for Defendants-Appellees.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[7]     Pursuant to HRAP Rule 34(c), Annan-Yartey's November 10, 2025 Motion for Retention of Oral Argument is denied.