**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000485
28-NOV-2025
09:00 AM
Dkt. 71 SO**

NO. CAAP-23-0000485

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WELLS FARGO BANK, N.A., Plaintiff-Appellee, v.
EBONI A. PRENTICE, Defendant-Appellant, THE MAUI LANI
COMMUNITY ASSOCIATION, Defendant-Appellee, and JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 2-10;
DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10, Defendants,

———

THE MAUI LANI COMMUNITY ASSOCIATION, Defendant/Counterclaimant-
Appellee, v. WELLS FARGO BANK, N.A., Plaintiff/Counterclaim
Defendant-Appellee,

———

THE MAUI LANI COMMUNITY ASSOCIATION, Defendant/Cross-Claimant-
Appellee, v. EBONI A. PRENTICE, Defendant/Cross-Claim Defendant-
Appellant, and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS
1-10; DOE CORPORATIONS 2-10; DOE ENTITIES 1-10; and DOE
GOVERNMENTAL UNITS 1-10, Defendants/Cross-Claim Defendants,

and

THE MAUI LANI COMMUNITY ASSOCIATION, Defendant/Additional Cross-
Claimant-Appellee, v. SUNRUN, INC., Defendant/Cross-Claim
Defendant-Appellee, and JOHN ROES 1-10; JANE ROES 1-10; ROE
PARTNERSHIPS; ROE CORPORATIONS; ROE ENTITIES 1-10; and ROE
GOVERNMENTAL UNITS 1-10, Defendants/Additional Cross-Claim
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC161000169)

## SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

Eboni A. **Prentice** appeals from the ***Amended Final Judgment*** for **Wells Fargo** Bank, N.A. entered by the Circuit Court of the Second Circuit on October 27, 2025.[1]  Prentice challenges the July 18, 2023 *Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure*.  We vacate and remand.

Wells Fargo sued Prentice to foreclose on a mortgage.  A copy of Prentice's **Note** to **Academy Mortgage** Corporation was attached to the complaint.  The Note was specially indorsed to Wells Fargo,[2] then indorsed in blank by Wells Fargo.

Wells Fargo moved for summary judgment and a decree of foreclosure in February 2023.[3]  The Circuit Court entered an order granting the motion and a foreclosure judgment on July 18, 2023.  Prentice timely appealed.  The Amended Final Judgment was entered on a temporary remand.

Prentice contends that summary judgment should not have been granted because (1) Wells Fargo failed to show it had possession of the Note when its complaint was filed, (2) Wells Fargo did not properly authenticate its business records, and (3) there were genuine issues of material fact.

---

[1]     The Honorable Kirstin M. Hamman presided.

[2]     "When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person."  Hawaii Revised Statutes § 490:3-205 (2008).

[3]     Prentice never answered the complaint.  Her default was entered. It was never set aside.  Prentice opposed Wells Fargo's motion for summary judgment, and the Circuit Court decided the motion on the merits without setting aside Prentice's default.  Wells Fargo's supplemental brief states "this error should be seen as harmless" and asks that we "review the results of the foreclosure proceeding as they occurred in the remainder of the record, given the circuit court's apparent decision to resolve this case as if the default had in fact been formally set aside."  On remand, the parties may stipulate to set aside the entry of default.

We review a grant of summary judgment de novo. <u>Nozawa v. Operating Engineers Local Union No. 3</u>, 142 Hawai'i 331, 338, 418 P.3d 1187, 1194 (2018). Summary judgment is appropriate when the moving party shows, by admissible evidence, that the material facts are uncontroverted and it is entitled to judgment as a matter of law. <u>Id.</u> at 342, 418 P.3d at 1198.

**(1)** A foreclosing plaintiff must establish it was entitled to enforce the note when its complaint was filed. <u>U.S. Bank Tr., N.A. v. Verhagen</u>, 149 Hawai'i 315, 327, 489 P.3d 419, 431 (2021). Wells Fargo submitted declarations from its employee Armenia **Harrell**. Harrell authenticated records made in the regular course of Wells Fargo's mortgage servicing business.

Harrell was an "other qualified witness" to authenticate Wells Fargo's own business records under Hawaii Rules of Evidence Rule 803(b)(6) because she "received training on, understand[s] the codes used in, and [has] knowledge of how information is entered, generated, and maintained on the computer system used by Wells Fargo to make these records, including, but not limited to, the document imaging process, how letters are created and maintained on Wells Fargo's system of record, and how payments, fees, and charges are tracked on Wells Fargo's system of record." <u>See</u> <u>State v. Fitzwater</u>, 122 Hawai'i 354, 366, 227 P.3d 520, 532 (2010). Harrell's declaration explained how Wells Fargo's own records show it had possession of the original Note when its foreclosure complaint was filed.

Prentice argues that Harrell's declaration doesn't sufficiently demonstrate circumstances indicating trustworthiness of Wells Fargo's records as required under <u>Deutsche Bank National Trust Co. v. Yata</u>, 152 Hawai'i 322, 526 P.3d 299 (2023) and <u>Verhagen</u>. The documents in those cases had been received from another loan servicer and incorporated into the current loan servicer's business records. <u>See</u> <u>Yata</u>, 152 Hawai'i at 333, 526 P.3d at 310 (citing <u>Verhagen</u>, 149 Hawai'i at 325, 489 P.3d at

429, and quoting <u>Wells Fargo Bank, N.A. v. Behrendt</u>, 142 Hawai'i 37, 45, 414 P.3d 89, 97 (2018)).

Here, Wells Fargo's own records show it possessed the original Note. Promissory notes are not hearsay. <u>Verhagen</u>, 149 Hawai'i at 317, 489 P.3d at 421. Harrell was qualified to prove that Wells Fargo was a "[p]erson entitled to enforce" the Note under Hawaii Revised Statutes § 490:3-301 when its complaint was filed.

**(2)** Prentice argues that summary judgment should not have been granted because "the record of the prior servicer should not be admitted[.]" She again relies on <u>Behrendt</u>, <u>Verhagen</u>, and <u>Yata</u>. Her argument has merit.

The Note is dated July 2, 2015. Academy Mortgage is the lender. Prentice signed the Note on July 6, 2015. Harrell's declaration states that Wells Fargo "became servicer for the Loan effective 09/01/2015." Exhibit 9 shows the location of the collateral file for Prentice's loan on 07/17/2015 to be NWB-CUST, but Harrell's declaration doesn't identify NWB-CUST or state who serviced Prentice's loan before Wells Fargo took over on September 1, 2015.

Viewing the evidence in the light most favorable to Prentice, <u>Nozawa</u>, 142 Hawai'i at 338, 418 P.3d at 1194, someone other than Wells Fargo serviced Prentice's loan between July 6, 2015 (when Prentice signed the Note) and September 1, 2015. Wells Fargo should have incorporated the prior servicer's records into its own. Harrell's declaration doesn't show circumstances indicating the trustworthiness of the incorporated records, which should have included the history of Prentice's loan payments between July 6, 2015 and September 1, 2015. The accuracy of the prior servicer's payment history affects the accuracy of Exhibit 6, Wells Fargo's own payment history, which is material to whether and when Prentice defaulted.

Other than the copy of the Note,[4] Wells Fargo failed to establish the facts material to its motion for summary judgment through admissible evidence. See Yata, 152 Hawaiʻi at 333, 526 P.3d at 310; Verhagen, 149 Hawaiʻi at 325, 489 P.3d at 429; Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97.

**(3)** Prentice argues that summary judgment should not have been granted because there were genuine issues of material fact. We conclude there were, but not those involving Patrick Soria or payments Prentice claims to have made to him.[5]

Wells Fargo originally moved for summary judgment on February 9, 2017. The motion was supported by a declaration from Wells Fargo employee Gary L. **Hughes**. Hughes stated: "Wells Fargo has serviced the Loan since its origination." Hughes is contradicted by Harrell, who stated Wells Fargo "became servicer for the Loan effective 09/01/2015."

The contradiction is material because if Wells Fargo was not the original loan servicer, it would have to show circumstances indicating trustworthiness of the prior loan servicer's records incorporated by Wells Fargo. See Yata, 152 Hawaiʻi at 333, 526 P.3d at 310; Verhagen, 149 Hawaiʻi at 325, 489 P.3d at 429; Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97. That genuine issue of material fact should have precluded summary judgment because, as we stated, the record doesn't show circumstances indicating the trustworthiness of any prior servicer's incorporated records.

---

[4] The copy of the Note attached to the motion for summary judgment was properly authenticated by Wells Fargo's counsel, who had possession of the original Note when the motion was filed.

[5] We express no opinion concerning the materiality of the payments Prentice contends she made to Soria, or their legal effect.

The October 27, 2025 *Amended Final Judgment* is vacated and this case is remanded for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, November 28, 2025.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant
Eboni A. Prentice.

Edmund K. Saffery,
Deirdre Marie-Iha,
Kenory E. Khuy,
Kellie K. L. Wong,
for Plaintiff-Appellee
Wells Fargo Bank, N.A.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge